UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERENSZ HARRIS,                                    Case No. 24-10417

    Plaintiff,                                         F. Kay Behm
v.                                                 United States District Judge

CITY OF FLINT,

    Defendant.
_____ /

## OPINION AND ORDER GRANTING MOTION TO DISMISS (ECF No. 8)

**I.    PROCEDURAL HISTORY**

Plaintiff, Kerensz Harris, on behalf of himself and those similarly situation, filed this complaint against the City of Flint alleging violations of his federal constitutional rights.  (ECF No. 1).  Defendant, City of Flint, filed a motion to dismiss the complaint, which is fully briefed.  (ECF Nos. 8, 10, 11).  The court held a hearing on October 9, 2024.  (ECF No. 12).

For the reasons set forth below, the court **GRANTS** Defendant's motion to dismiss the complaint for lack of standing and failure to state a claim on which relief may be granted.[1]

---

[1] At the hearing, Defendant withdrew its argument that Plaintiff's complaint presented a non-justiciable political question.

## II. FACTUAL BACKGROUND

The City Council is comprised of nine Councilmembers, one representing each of the City's nine Wards. Councilman Mays was duly elected to represent the constituents of the City of Flint's First Ward, which consists of approximately 10,000 residents, including Harris. (ECF No. 1, ¶¶ 4, 7, 26). On December 21, 2023, Councilman Mays was suspended from the Flint City Council for three months for "'racist rhetoric,' 'aggressive, profane language,' and the mockery and belittlement of 'individuals with medical conditions and disabilities.'" (ECF No. 1, ¶¶ 15, 16 and 18). The resolution suspending him was vigorously debated, with three councilmembers opposing the suspension. *Id*. at ¶ 15. Councilman Mays had already sued the City and other councilmembers and City officials based on Mays' prior suspensions and removals from Council meetings for various violations of Council rules. *Id*. at ¶¶ 30–42.

Harris alleges that the suspension of Councilman Mays was wrongful because the resolution was "vague and misleading," *id*. at ¶¶ 17–19, the suspension and prior disciplinary actions against Mays were driven by political animosities, *id*. ¶¶ 23–40, and the Council did not have authority to suspend him. *Id*. at ¶¶ 43–48. Harris alleges:

> the Council has . . . silenced those 10,000 or so
> individuals residing in Flint's 1st Ward – the Plaintiff and

2

>   the Plaintiff Class – for the next three (3) months, thus
>   denying them participation and representation in their
>   local government, in violation of their Constitutionally-
>   protected rights.

(*Id*. at ¶ 49).  Harris maintains that the Council's actions violated his First Amendment and Due Process rights under the United States Constitution.

### III. ANALYSIS

#### A. Standards of Review

##### 1. Rule 12(b)(1)

A motion brought under Federal Rule of Civil Procedure 12(b)(1) alleges that the court does not have subject matter jurisdiction over the claims as presented.  Fed. R. Civ. P. 12(b)(1).  Allegations that a plaintiff lacks standing can be brought as a motion to dismiss for lack of subject matter jurisdiction.  *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008) ("We review de novo a district court's dismissal of a case for lack of standing – lack of subject matter jurisdiction – under Fed. R. Civ. P. 12(b)(1).").  Motions brought under Rule 12(b)(1) fall into two categories: facial attacks and factual attacks.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack is a "challenge to the sufficiency of the pleading itself" whereas a factual attack "is a challenge to the factual existence of subject matter jurisdiction."  *Id.*  In this case, Defendants bring a facial attack challenging the sufficiency of the Plaintiffs' allegations that they

3

suffered a concrete injury in fact. *Id.* Because this is a facial attack, the court must "accept[] the material allegations in the complaint as true and construe[] them in the light most favorable to the nonmoving party." *Id.*

A challenge to a party's Article III standing invokes a federal court's subject matter jurisdiction and is properly raised by a motion made under Federal Rule of Civil Procedure 12(b)(1). *In re Blasingame*, 585 B.R. 850, 858 (B.A.P. 6th Cir. 2018), aff'd, 920 F.3d 384 (6th Cir. 2019) (citing *Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 F. App'x 409, 410-11 (6th Cir. 2013) (unpublished) (citations omitted); *Kepley v. Lanz*, 715 F.3d 969, 972 (6th Cir. 2013)).

### 2. Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), the court "must construe the complaint in the light most favorable to the [nonmoving party] ... [and] accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003). The complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, the

complaint must "contain[ ] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief, such as "when an affirmative defense ... appears on its face." *Jones v. Bock*, 549 U.S. 199, 215 (2007) (quotation marks omitted). A claim has "facial plausibility" when the nonmoving party pleads facts that "allow[ ] the court to draw the reasonable inference that the [moving party] is liable for the misconduct alleged." *Id*. at 678. However, a claim does not have "facial plausibility" when the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens*, 500 F.3d at 527. Showing entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

In evaluating the allegations in the complaint, the court must be mindful of its limited task when presented with a motion to dismiss under Rule 12(b)(6). At the motion-to-dismiss stage, the court does not consider whether the factual allegations are probably true; instead a court must accept the factual allegations as true, even when skeptical. *See Twombly*, 550 U.S. at 555 (a court must proceed "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"); *id*. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable"); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"). Indeed, in assessing the sufficiency of a complaint, the court must determine only whether "'the claimant is entitled to offer evidence to support the claims,' not whether the plaintiff can ultimately prove the facts alleged." *See United States v. SouthEast Eye Specialists, PLLC*, 570 F. Supp. 3d 561, 574 (M.D. Tenn. 2021) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

B.     Standing

Article III of the Constitution limits the jurisdiction of the federal courts to actual cases or controversies. U.S. Const. art. III, § 2. An essential component of the case-or-controversy requirement is the doctrine of standing, which "limits the

6

category of litigants empowered to maintain a lawsuit in federal court to [those who] seek redress for a legal wrong." *Dickson v. Direct Energy, LP*, 69 F.4th 338, 342–43 (6th Cir. 2023) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). To invoke the jurisdiction of a federal court, a plaintiff must demonstrate that he has standing to sue, a requirement "rooted in the traditional understanding of a case or controversy." *Spokeo*, 136 S. Ct. at 1547. To establish standing, a plaintiff has the burden to establish that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial ruling." *Id*. At the pleading stage, the standing inquiry asks whether the complaint "clearly ... allege[s] facts demonstrating each element" of the standing inquiry. *Id*. (quotation marks omitted).

The City argues that Harris lacks standing because his alleged injury is conjectural or hypothetical. According to the City, Harris must allege that during Councilman Mays' suspension, the Council did something that injured him in a concrete and particularized way, and that the Council would not have done so if Mays had been seated at the Council table. According to the City, he does not do so, and further, he does not allege that the Council took any action that harmed him during Mays' suspension. In response, Harris argues that he has alleged a

7

concrete injury – his First Amendment rights were abridged as a result of Mays' suspension. Harris argues that this violation of his constitutional rights is a concrete injury.

"The injury-in-fact requirement means that litigants will have standing to challenge government action only when it restricts their own constitutionally protected activities." *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 764 (6th Cir. 2019). Harris has not identified any constitutionally protected activities of his own. While Harris asserts that "Defendant's actions silenced Plaintiff . . . ", he never alleges that any restriction was placed on his speech, let alone that he was "silenced." (ECF No. 10, p. 17, citing ECF No. 1, at ¶¶ 49, 75-77). Rather, he only points to the alleged violations suffered by Mays. This is insufficient to establish an injury-in-fact.

Harris's mere reference to his First Amendment claim is not sufficient to establish an injury-in-fact. In *CHKRS, LLC v. City of Dublin*, 984 F.3d 483 (6th Cir. 2021), the court explained that there is a third element to the injury-in-fact inquiry, and that "[t]o establish the 'standing' required for jurisdiction under Article III of the Constitution, plaintiffs must allege the 'invasion of a legally protected interest.'" *Id*. at 485 (citation omitted). This standing requirement leads to "overlapping requirements for jurisdiction and the merits," but "[a]s long

8

as a plaintiff has asserted a colorable legal claim (and has met standing's other elements), the plaintiff has satisfied Article III and the court may resolve the claim on its merits." *Id*. at 485–86. Harris contends that he has a First Amendment right to a City Council representative in place to be able to voice those concerns on his behalf, as well as on behalf of the other constituents of Flint's First Ward. (ECF No. 10, PageID.230-231). However, Harris cites no cases in support of this purported First Amendment right, and this failure is fatal to his claimed injury-in-fact.[2] The court finds that Harris lacks standing to bring his purported constitutional claims because he has not sufficiently alleged an injury-in-fact.

Given the foregoing conclusions, the court need not address the remainder of Defendant's arguments regarding standing.

C. <u>Failure to State a Claim</u>

1. *First Amendment*

Applicable to the States through the Fourteenth Amendment, the First Amendment prohibits the government from "abridging the freedom of speech."

---

[2] His claim more accurately reflects an equal protection claim for equal representation, not a First Amendment claim, though whether he would have standing in that instance is unsettled. *See Page v. Tri-City Healthcare Dist.*, 860 F. Supp. 2d 1154, 1166 (S.D. Cal. 2012) (finding lack of standing for a voter to challenge the exclusion of a district board member on equal protection grounds in a district with at-large voting); *but see Kucinich v. Forbes*, 432 F. Supp. 1101, 1117 (N.D. Ohio 1977) (assuming without addressing that a voter had standing to challenge on equal protection grounds the suspension of his ward's City Council member).

*Kutchinski as next friend to H.K. v. Freeland Cmty. Sch. Dist.*, 69 F.4th 350, 356 (6th Cir. 2023) (quoting U.S. CONST. amend. I) and citing *Grosjean v. Am. Press Co.*, 297 U.S. 233, 243 (1936).  Specifically, the Free Speech Clause protects "the right to speak freely and the right to refrain from speaking at all." *Id*. (quoting *Wooley v. Maynard*, 430 U.S. 705, 714 (1977)).  The City contends that Harris fails to identify an abridgment of his right to speak freely.  As explained above in the context of standing, Harris contends that he has a First Amendment right to a City Council representative in place to be able to voice those concerns on his behalf, as well as on behalf of the other constituents of Flint's First Ward.  (ECF No. 10, PageID.230-231).  Again, Harris cites no cases in support of this purported First Amendment right, and this failure is fatal to his First Amendment claim.

    2.    *Due Process*

Harris's due process claim is based on the alleged denial of his right to a republican form of government under the Guarantee Clause, which the court has already determined is nonjusticiable political question.  In response, Harris says that he has a constitutionally protected liberty interest "in his ability to speak by and through his elected representative" and the City deprived his of that right by suspending Mays.  As the City points out, Harris fails to identify any authority in support of his alleged liberty interest and thus, this claim must fail.  *See Wershe v.*

10

*Combs*, 763 F.3d 500, 506 (6th Cir. 2014) (The Sixth Circuit has held that to state a due process claim, a plaintiff "must allege that a protected property or liberty interest was violated."). As such, Harris's due process claims fail for lack of a liberty interest. *See Wershe*, 763 F.3d at 506.

## IV.     CONCLUSION

For the reasons set forth above, the court **GRANTS** Defendant's motion to dismiss the complaint based on lack of standing and failure to state a claim. This is a final order and closes the case.

**SO ORDERED**.

Date: October 29, 2024                              s/F. Kay Behm
                                                                     F. Kay Behm
                                                                     United States District Judge